Luzelma CAMPOS, Betty Jo Gonzalez, and Misty Valero, Appellants,

v.

NUECES COUNTY, Appellee.

No. 13–03–724–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

April 14, 2005.

Rehearing Overruled May 26, 2005.

David T. Bright, Harris & Watts, Mikal C. Watts, Watts & Heard, Corpus Christi, for appellants.

Kurt Chadwell, Asst. County Atty., Laura Garza Jimenez, County Atty., Kent Brown, Nueces County Atty's Office, Rene C. Flores, Nueces County Courthouse, Chief of Litigation, Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO and GARZA.

## OPINION

Opinion by Justice GARZA.

Luzelma Campos, Betty Jo Gonzalez, and Misty Valero challenge the grant of a plea to the jurisdiction filed by Nueces County. Because we conclude that governmental immunity does not bar suit under 42 U.S.C. § 1983 and that appellants have alleged a cause of action for premises defects under the Texas Tort Claims Act, we reverse the trial court's order dismissing the case and remand for further proceedings consistent with this opinion.

## Background

This suit involves allegations of repeated acts of sexual harassment and sexual assault occurring at the Nueces County Substance Abuse Treatment Facility ("SATF"). Appellants allege that while they were criminally incarcerated in the SATF, two guards, Sergeant Anthony Allen and Corporal Cordell Hayes, sexually harassed and assaulted them. Appellants sued for violations of their civil rights and also asserted claims under the tort claims act, naming seven defendants, including the two guards, individually and in their official capacities, and Nueces County.[1] After granting a plea to the jurisdiction filed by Nueces County, the trial court severed the claims against the county from the rest of the case and dismissed them. Appellants now raise four issues on appeal.

## I.

In their first issue, appellants contend that the trial court erroneously dismissed their case because a plea to the jurisdiction is an improper vehicle for chal-

1. Appellants' live petition also named as defendants Nueces County Substance Abuse Treatment Facility, Nueces County Community Supervision and Corrections, Nueces County Adult Probation Department, and the Texas Department of Criminal Justice Community Justice Assistance Division.

lenging defects in a plaintiff's pleadings. Appellants argue that the defects raised by appellee's plea to the jurisdiction amounted to no more than mere defects in pleadings and should have been challenged by special exceptions because they do not implicate the court's subject matter jurisdiction.

■ Although we agree that defects in pleadings are properly challenged by special exceptions, see *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000), a plea to the jurisdiction remains a proper vehicle for challenging a court's subject matter jurisdiction over a claim, see *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Furthermore, the Texas Supreme Court has specifically held that governmental immunity can be raised by a plea to the jurisdiction because, if sustained, an assertion of immunity would defeat the court's jurisdiction. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004). But see id. at 642 (Brister, J., concurring) ("There would never have been as much confusion if sovereign immunity had to be raised by summary judgment or special exceptions."). Appellee's plea argued that there was no subject matter jurisdiction and that appellee was protected by governmental immunity. We conclude that these objections to suit were properly raised by appellee's plea to the jurisdiction. Appellants' first issue is overruled.

## II.

In their second, third, and fourth issues, appellants argue that the trial court erred by granting appellee's plea to the jurisdiction because their live petition alleges causes of action against appellee under 42 U.S.C. § 1983 and the tort claims act and because the evidence before the trial court supported the causes of action. In response, appellee contends that dismissal was proper because appellants' live petition failed to state a cause of action.

■ Whether a court has subject matter jurisdiction is a legal question and is therefore subject to de novo review. See *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). We must determine whether appellants have alleged facts that affirmatively demonstrate the court's jurisdiction to hear their case. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). We construe the pleadings liberally in favor of jurisdiction, looking to the pleader's intent. See *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland,* 34 S.W.3d at 555. When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). In contrast, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. Id.

Appellee's plea to the jurisdiction challenged the court's jurisdiction on two different grounds: (1) no subject matter jurisdiction and (2) no waiver of immunity. We discuss these grounds separately.

### A. Subject Matter Jurisdiction

■ Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the

case be justiciable. *State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994).

### 1. Standing

In general, a plaintiff has standing to sue if the plaintiff has suffered an injury that was caused by the defendant and is likely to be remedied by the relief requested. *MET–Rx USA, Inc. v. Shipman*, 62 S.W.3d 807, 810 (Tex.App.-Waco 2001, pet. denied); see also *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex.2001) (citing *Tex. Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 516–17 (Tex. 1995)). We conclude that appellants have standing because they have alleged injuries stemming from sexual harassment and assault that occurred as a result of the "atmosphere of lawlessness" created by appellee and the monetary relief requested by appellants is likely to remedy their injuries.

### 2. Live Controversy

The live-controversy requirement prohibits courts from addressing the merits of moot legal disputes, see *FDIC v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994), the resolution of which would lead to constitutionally-prohibited judicial advisory opinions, see *Speer v. Presbyterian Children's Home*, 847 S.W.2d 227, 229 (Tex. 1993).

This case does not present mootness concerns because the controversy in this case is very much alive. Appellants have sued appellee on numerous causes of action involving repeated incidents of sexual harassment and assault, including rape. Appellee has maintained that it is not liable for the injuries stemming from these incidents. A judicial resolution of this dispute would not amount to an advisory opinion because it would bind the parties with a final answer to the question of liability. See *Tex. Ass'n of Bus. v. Tex.*

*Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) ("The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties."). We therefore conclude that the trial court's order dismissing the claims against appellee cannot be sustained on the ground that no live controversy exists between the parties.

### 3. Justiciable Controversy

Appellee also contends that the court lacks subject matter jurisdiction because there is no justiciable controversy between the parties. Appellee contends that it does not employ the workers of the SATF and therefore cannot be sued under section 1983. For a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought. *Gomez*, 891 S.W.2d at 245. Although there is mixed evidence as to whether the people who work at the SATF are employees of the state or the county, the controversy between the parties is justiciable. Regardless of how the employment issue is ultimately decided, there is a real controversy that will be resolved by the judicial relief sought. See id.

### B. Waiver of Immunity

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. See *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003) (recognizing that sovereign immunity and governmental immunity are distinct concepts though courts often use the terms interchangeably). The

tort claims act provides a limited waiver of immunity if certain conditions are met. See Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.025 (Vernon 1997).

### 1. Section 1983 Claims

 Although the protections of immunity are broad, they do not extend to liability under the civil rights act. See *Thomas v. Allen,* 837 S.W.2d 631, 632 (Tex.1992) (per curiam) (acknowledging that a state court cannot refuse to entertain a section 1983 claim on the ground that it was barred by the defense of immunity) (citing *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990)). Consequently, the trial court could not have properly dismissed appellants' section 1983 claims based on immunity. *Accord Williams v. Huff,* 52 S.W.3d 171, 194 (Tex. 2001) (holding that county could be held liable under section 1983 for constitutional violations).

### 2. Tort Claims

 We now turn to appellants' causes of action under the tort claims act to determine whether appellants have affirmatively demonstrated the jurisdiction of the court. The tort claims act expressly waives governmental immunity in three general areas: (1) use of motor-driven equipment, (2) premises defects, and (3) injuries arising out of the use of personal property. *Brown,* 80 S.W.3d at 554. Under subsection (2) of section 101.021 of the civil practice and remedies code, the subsection relevant to this case, a governmental unit is liable for "personal injury or death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997). Liability under subsection (2) can arise under different theories: It encompasses governmental liability based on respondeat superior for misuse of tangible personal property other than motor-driven vehicles and equipment, as well as governmental liability for premises defects. *Tex. DOT v. Able,* 35 S.W.3d 608, 611 (Tex.2000).

Appellants' live petition alleges liability under section 101.021(2) based on three different theories: (1) premises defects; (2) use of tangible personal property; and (3) negligent hiring, training, and supervision of employees. We discuss each of these theories separately.

#### i. Premises Defects

 It is undisputed that appellee owns the physical facility used by the SATF and provides the SATF with equipment and utilities. Appellants allege that appellee is liable for premises defects because the facility used by the SATF contains security cameras that were either non-functioning or improperly placed, as well as various doors, rooms, and enclosures, which permitted guards to have unlimited, unmonitored access to inmates, provided the seclusion necessary for the sexual harassment and assaults to occur, and prevented any reasonable opportunity for appellants to escape. According to appellants, appellee allowed these premises defects to exist and failed to correct them or adopt policies to minimize the risk of harm they created.

Appellee maintains that it cannot be sued for premises defects under the tort claims act because the defects alleged by appellants were merely incidental to their injuries. Appellee contends that appellants' claims arise out of the intentional torts of SATF employees and are therefore unauthorized by the tort claims act. See Tex. Civ. Prac. & Rem.Code Ann. § 101.057(2) (Vernon 1997).

We disagree. Although a governmental unit is immune from claims arising out of intentional torts, see id., appellants' premises defects claim arises out of appellee's failure to provide a facility for the treatment of inmates that is safe and does not allow guards to have unfettered, unlimited, and unsupervised access to inmates. Although this case certainly involves allegations of intentional torts, the mere intermingling of intentional torts with the negligence of a governmental unit does not render the governmental unit immune. See *Young v. Dimmitt,* 787 S.W.2d 50, 51 (Tex.1990) (per curiam) (recognizing recovery available under tort claims act for negligent conduct even though accompanied by intentional tort); see also *Tex. Dep't of Mental Health & Mental Retardation v. Petty,* 848 S.W.2d 680, 684 (Tex. 1992) (same). Rather, the supreme court has adopted an interpretation of section 101.057(2) that accommodates the following distinction stated in the Restatement (Second) of Torts § 448 (1965):

> The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

*Delaney v. Univ. of Houston,* 835 S.W.2d 56, 60 (Tex.1992).

In this case, appellants allege that at the time appellee failed to correct the premises defects, it either knew or should have known that the defects would allow guards to commit sexual harassment and assault.

Accordingly, in light of the supreme court's holding in Delaney, we conclude that appellants' premises defects claim does not arise out of the intentional torts involved in this case but out of the alleged negligence of appellee in failing to remedy defects in the facility used by the SATF when it either knew or should have known that the defects presented a risk of injury to inmates. Our holding on this issue should not be construed as anything more than a liberal construction of the pleadings for the limited purpose of determining whether appellants have established the trial court's jurisdiction to hear their case.

Appellee further contends that it cannot be sued for premises defects because the alleged defects did not cause any injuries but merely furnished a condition making injuries possible. See *City of Bellmead v. Torres,* 89 S.W.3d 611, 614 (Tex.2002) ("In a premises defect case, the dangerous condition must be a cause of the resulting injury."). Section 101.021(2) requires that for immunity to be waived, personal injury or death must be proximately caused by the condition or use of tangible property. See *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998) (citing Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997)). Proximate cause consists of both cause in fact and foreseeability. *Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992). Cause in fact means that the condition was a substantial factor in bringing about the injury which would not otherwise have occurred. See *Prudential Ins. Co. v. Jefferson Assocs.,* 896 S.W.2d 156, 161 (Tex.1995).

Having reviewed the pleadings liberally in favor of jurisdiction, we conclude that appellants intend to prove that the premises defects were a substantial factor in bringing about injuries that would not have otherwise occurred. See *Peek,* 779

S.W.2d at 804. Appellants have alleged that the defects permitted guards to have unlimited, unmonitored access to inmates, provided the seclusion necessary for the harassment and assaults to occur, and prevented any reasonable opportunity for appellants to escape. Appellants also claim that their injuries were foreseeable by appellee. Based on these pleadings, we conclude that appellants have not simply alleged that the defects furnished a mere condition that made their injuries possible. See *Bossley*, 968 S.W.2d at 343. The nexus between the alleged premises defects and injuries in this case is not so highly attenuated that it defies the definition of proximate cause. Accordingly, we conclude that appellants' petition affirmatively demonstrates the subject matter jurisdiction of the trial court by asserting a cause of action for premises defects against appellee under the tort claims act.

■■■ In reaching this holding, we emphasize that the purpose of a "plea [to the jurisdiction] is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland*, 34 S.W.3d at 554. Neither this Court nor the trial court is authorized to inquire so far into the substance of the claims presented that appellants would be required to put on their case simply to establish jurisdiction. See id. Nothing in this opinion should be construed as either favoring or disfavoring the theory advanced by appellants, except that their theory is sufficient to invoke the jurisdiction of the court regardless of whether it is ultimately successful.

### ii. Use of Tangible Personal Property

■■■ Appellants also claim that their injuries were caused by the use of tangible personal property; however, this allegation remains largely undeveloped.

The only personal property identified in appellants' live petition are surveillance cameras, which the petition alleges were either non-functioning or misplaced. Such allegations scarcely amount to the "use" of personal property required by the tort claims act. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2). According to the supreme court, "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *LeLeaux v. Hamshire–Fannett Ind. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992). Construing appellants' petition liberally, it appears to allege that appellee employed security cameras at the facility used by the SATF for the purpose of monitoring inmates, as well as guards, and that appellee's employment of cameras that were either non-functioning or misplaced for the purpose of surveillance proximately caused the injuries sustained by appellants. Although we cannot conclude that such allegations affirmatively negate the possibility of jurisdiction, they are insufficient to demonstrate jurisdiction. Accordingly, appellants must be afforded an opportunity to amend their pleadings. See *Brown*, 80 S.W.3d at 549. To demonstrate jurisdiction sufficiently, the allegations of appellants' petition must detail how appellee used the cameras and how such use proximately caused personal injury to appellants.

### iii. Negligent Hiring, Training, and Supervision

■■■ Appellants have also asserted claims against appellee for negligent hiring, training, and supervision of employees, as well as negligent implementation of county policies. These claims cannot be brought outside of the causes of action discussed above. The tort claims act does not waive immunity for negligence that does not involve conditions or use of tangible property. See *State Dep't of Pub.*

*Safety v. Petta,* 44 S.W.3d 575, 581 (Tex. 2001). Because appellants have failed to allege facts that demonstrate how appellee's negligent hiring, training, and supervision of employees or its negligent implementation of county policies caused them injury by a condition or use of tangible property, we cannot conclude that their petition affirmatively demonstrates the subject matter jurisdiction of the trial court. Nevertheless, the petition does not affirmatively negate the trial court's jurisdiction. See *Brown,* 80 S.W.3d at 549. Accordingly, appellants must be afforded an additional opportunity to amend their petition. See id.

## III.

In sum, we conclude that the trial court erred by dismissing appellants' claims and therefore sustain in part appellants' second, third, and fourth issues. The case is remanded for further proceedings consistent with this opinion.