NUMBER 13-10-00594-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

TEXAS DEPARTMENT OF CRIMINAL 

JUSTICE-COMMUNITY JUSTICE 

ASSISTANCE DIVISION AND NUECES 

COUNTY COMMUNITY SUPERVISION AND

CORRECTIONS DEPARTMENT,                                                       
Appellants,

 

v.

 

LUZELMA CAMPOS, ET AL.,                                                      Appellees.

                                                                                                                             

 

On appeal from the 319th District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza

 

Appellants, the
Community Justice Assistance Division of the Texas Department of Criminal
Justice (“CJAD”) and the Nueces County Community Supervision and Corrections
Department (“CSCD”), appeal the trial court’s order (1) denying a plea to the
jurisdiction filed by appellees Luzelma Campos, Betty Jo Gonzalez, and Misty
Valero, and (2) striking the affidavit of CJAD Director Carey Welebob.  By
seven issues, appellants argue that the trial court erred in determining it had
jurisdiction over the claims filed under the Texas Tort Claims Act (“TTCA”).  See
Tex. Civ. Prac. & Rem. Code Ann. §§
101.001-.109 (West 2011).  We affirm in part and reverse and render in
part.

I.  Background

The underlying suit
was brought by appellees against CJAD, CSCD, Nueces County, the Nueces County
Substance Abuse Treatment Facility (“SATF”), and two SATF guards, Anthony Allen
and Cordell Hayes.[1] 
In their petition, appellees claimed that the guards sexually harassed and
sexually assaulted them “beginning in or about April, 1999,” while they were
incarcerated at SATF.  Appellees asserted that their civil rights had been
violated, see 42 U.S.C. § 1983 (2006), and asserted claims under the
TTCA.  Appellees alleged that the TTCA waived sovereign immunity for their
claims, which were purportedly based on a premises defect, the use of tangible
personal property, and negligent hiring, training, and supervision.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2) (stating that a government unit is liable for injury “caused by a
condition or use of tangible personal or real property”); id. § 101.022
(establishing a governmental unit’s duty with respect to premises defects
claims); id. § 101.025(a) (“Sovereign immunity to suit is waived and
abolished to the extent of liability created by this chapter.”).

Nueces County filed a
plea to the jurisdiction, which the trial court granted.  However, we reversed,
holding that:  (1) appellees’ premises defect theory was sufficient to invoke
the jurisdiction of the trial court; and (2) appellees must be permitted to
replead their allegations regarding the use of tangible personal property and
negligent hiring, training and supervision.  Campos v. Nueces County (Campos
I), 162 S.W.3d 778, 786–88 (Tex. App.—Corpus Christi 2005, pet. denied). 
On remand to the trial court, appellees filed an amended petition, settled
their claims with Nueces County, and dropped their claim against SATF. 
Appellants and the SATF guards remained as defendants.  Appellants filed their
own plea to the jurisdiction, and the trial court granted that plea on November
2, 2006.  Again, we reversed the trial court’s judgment as to the claims
asserted under the TTCA.  Campos v. Tex. Dep’t of Criminal Justice (Campos
II), No. 13-08-00269-CV, 2009 Tex. App. LEXIS 8162, at *8-14 (Tex.
App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op.).  We held, as in Campos
I, that:  (1) appellees’ pleadings were sufficient to allege a premises
defect claim and so the trial court had jurisdiction over that claim; and (2)
appellees should again be permitted to replead under their other theories
because their “ability to state a claim” had been “hampered by the lack of
discovery” in the case up to that point.  Id. at *8-12.  However, we
affirmed the trial court’s dismissal as to appellees’ section 1983 claims.  Id.
at *14-22.

On August 30, 2010,
appellants filed another plea to the jurisdiction.  At a hearing on October 4,
2010, the trial court denied the plea and struck an affidavit filed by
appellants authored by Welebob, CJAD’s director.  This appeal ensued.

 

 

II. 
Standard of Review

            A plea to
the jurisdiction is a dilatory plea used to defeat a cause of action without
regard to whether the claims asserted have merit.  Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial
court’s subject matter jurisdiction.  Id.; see Tex. Dep’t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Whether a trial court has subject
matter jurisdiction is a question of law that we review de novo.  Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).

            The
plaintiff has the burden to plead facts affirmatively showing that the trial
court has jurisdiction.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993); City of Fort Worth v. Davidsaver, 320
S.W.3d 467, 473 (Tex. App.—Fort Worth 2010, no pet.).  We construe the
pleadings liberally in favor of the pleader, look to the pleader’s intent, and
accept as true the factual allegations in the pleadings.  See Miranda,
133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142 S.W.3d 550,
552 (Tex. App.—Fort Worth 2004, pet. denied).  If a plea to the jurisdiction
challenges the existence of jurisdictional facts, we consider relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issues
raised, as the trial court is required to do, even those facts which may
implicate the merits of the cause of action.  Miranda, 133 S.W.3d at
227; Blue, 34 S.W.3d at 555 (confining evidentiary review to evidence
that is relevant to the jurisdictional issue); see City of Waco v.
Kirwan, 298 S.W.3d 618, 622 (Tex. 2009).

            A trial
court’s review of a plea to the jurisdiction challenging the existence of
jurisdictional facts mirrors that of a traditional motion for summary
judgment.  Miranda, 133 S.W.3d at 228; see Tex. R. Civ. P. 166a(c).  The government
defendant is required to meet the summary judgment standard of proof for its
assertion that the trial court lacks jurisdiction; once the defendant meets its
burden, the plaintiff is then required to show that there is a disputed
material fact regarding the jurisdictional issue.  Miranda, 133 S.W.3d
at 228.  If the evidence creates a fact question regarding jurisdiction, the
trial court must deny the plea to the jurisdiction and leave its resolution to
the fact finder.  Id. at 227-28.  On the other hand, if the evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
trial court rules on the plea to the jurisdiction as a matter of law.  Id. at
228.

III. 
Discussion

Appellants argue that
the trial court erred in denying their plea to the jurisdiction with respect to
appellees’ TTCA claims because:  (1) appellees “failed to
provide . . . CSCD with notice of suit as required by the
TTCA”; (2) appellees “failed to demonstrate a nexus between their claims
and . . . CJAD”; (3) appellees’ claims of negligent hiring,
training, and supervision “are not cognizable under the TTCA”; (4) appellees’
premises liability claims “do not fall under the TTCA’s waiver of immunity”;
(5) appellees “failed to affirmatively establish jurisdiction without further
discovery”; (6) appellees’ claims “arise from intentional torts, and are barred
under the TTCA”; and (7) the trial court erred in striking Welebob’s
affidavit.  We will address each issue in turn.

A.        Notice to
CSCD

            To take
advantage of the TTCA’s waiver of immunity, a plaintiff must notify a
governmental unit of a claim against it “not later than six months after the
day that the incident giving rise to the claim occurred.”  Tex. Civ. Prac. & Rem. Code Ann. §
101.101(a).  The notice must reasonably describe the injury, the time and
place of the incident, and the incident itself.  Id.  The written notice
requirement is inapplicable “if the governmental unit has actual notice that
death has occurred or that the claimant has received some injury.”  Id. §
101.101(c).  The plaintiff bears the burden of showing that it has complied with
the notice requirements of the TTCA.  See Park v. City of San Antonio,
230 S.W.3d 860, 866 (Tex. App.—El Paso 2007, pet. denied).

Appellants argue by
their first issue that CSCD was not provided with timely written or actual
notice as required by the TTCA.  We agree.  The record reflects that, on
October 5, 1999, appellees’ counsel sent notice letters on behalf of all three
appellees to the Nueces County Judge, the Nueces County Commissioners’ Court,
the Texas Department of Criminal Justice, and CJAD.  No notice letter to CSCD
appears in the record.  Appellees argue that, even if CSCD did not receive
written notice, it “investigated or participated in the investigation of
[appellees’] allegations,” and thus “had actual notice of [appellees’]
claims.”  See id.  In support of this argument, appellees point to the
June 5, 2002 deposition of CSCD director Eddie Gonzalez, an excerpt of which
was attached to appellees’ response to appellants’ latest plea.  In that deposition
excerpt, Gonzalez stated that several SATF employees resigned or were
terminated as a result of an investigation into appellees’ allegations. 
However, Gonzalez does not state when or by whom the investigation was made. 
Accordingly, that testimony does not establish that CSCD had actual notice of
appellees’ injuries such that written notice was not required.  We conclude
that appellees have not met their burden to show that CSCD had written or
actual notice of their claims; therefore, the trial court erred in denying
CSCD’s plea to the jurisdiction.  See Tex.
Gov’t Code Ann. § 311.034 (West Supp. 2010) (“Statutory prerequisites to
a suit, including the provision of notice, are jurisdictional requirements in
all suits against a governmental entity.”).  Appellants’ first issue is
sustained.  We proceed to consider the claims made against CJAD.

B.        “Nexus”
Between Claims and CJAD

By their second
issue, appellants argue that appellees have “failed to demonstrate a nexus
between their claims and Defendant CJAD.”  Specifically, appellants argue that
CJAD:  (1) did not design or control the SATF and so cannot be held liable
under a premises liability theory; (2) did not decide whether to place video
cameras in the SATF, and so cannot be held liable for that decision; and (3)
did not have any authority over the hiring, training, or supervision of CSCD’s
employees and so cannot be held liable for negligence in that regard.

Appellants note that
appellees “have had over ten years since the time they filed their initial
petition to conduct discovery,” but that they have “fail[ed] to bring any
documents or other evidence before the Court to demonstrate that there has been
a valid waiver of immunity for any of their claims against . . . CJAD.”  This
may be true[2];
however, in advancing a plea to the jurisdiction, a defendant cannot simply
deny the existence of jurisdictional facts and force the plaintiff to raise a
fact issue, no matter how long the discovery process has taken.  See Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  If the
defendant wishes to challenge jurisdictional facts, it must produce relevant
evidence negating those facts; and, in the absence of such evidence, we must
accept the plaintiff’s pleadings as true.  See Miranda, 133 S.W.3d at
226, 228 (noting that a plea to the jurisdiction is akin to a traditional,
rather than a no-evidence, motion for summary judgment).

In their live
petition, appellees made the following allegations, among others:  (1) CJAD controlled
the SATF premises such that it could be held liable under a premises liability
theory, see Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988 S.W.2d
223, 225-26 (Tex. 1999); (2) CJAD “permit[ted] Allen and Hayes to have
unlimited, unmonitored access to female inmates for extended periods of time”;
(3) CJAD “fail[ed] to discipline prior similar conduct by [its] employees”; and
(4) CJAD “fail[ed] to properly hire, train, and supervise Allen and Hayes.” 
Though appellants strenuously deny these allegations, they do not direct this
Court to any evidence in the record negating them.[3] 
Accordingly, we must accept them as true, see Miranda, 133 S.W.3d at
226, 228, and having done so, we find that appellees have alleged sufficient
facts to demonstrate a “nexus” between their claims and CJAD.  We overrule
appellants’ second issue.

C.        Negligence
Claims

            Appellants
argue generally by their third issue that “[t]he TTCA does not waive sovereign
immunity from claims of negligent hiring, training, and supervision.”  We
disagree.  As noted, the TTCA waives immunity for claims for injuries “caused
by a condition or use of tangible personal or real property.”  Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2).  Nothing in the statute implicitly or explicitly excludes claims of
negligent hiring, training, or supervision from this waiver.

Appellants
rely on the Texas Supreme Court’s ruling in Petta, which held that the
negligent training claim asserted by the plaintiff in that case “does not
involve tangible personal property” and is therefore “not cognizable under the
Tort Claims Act.”  Tex. Dep’t of Public Safety v. Petta, 44 S.W.3d 575,
580-81 (Tex. 2001).  In that case, the plaintiff alleged that she was assaulted
by a police officer after being pulled over.  Id. at 577.  The plaintiff
sued the officer as well as his employer, the Texas Department of Public Safety
(“DPS”).  Id.  The plaintiff claimed that suit against DPS was
authorized by the TTCA because policy and training manuals issued by DPS were
used to negligently train and supervise the officer.  Id.  Noting that
“information is not tangible personal property since it is an abstract concept
that lacks corporeal physical or palpable qualities,” the Texas Supreme Court
found that Petta’s claims “involve the misuse or non-use of information and are
thus barred by sovereign immunity.”  Id. at 581.

The instant case is distinguishable
from Petta.  Here, appellees have re-pleaded since our decision in Campos
II and clarified how the appellants’ allegedly negligent hiring, training,
and supervision of employees and their allegedly negligent implementation of
policies caused appellees injury by a condition or use of tangible property. 
In their original pleading, the details of appellees’ claims were limited to
the rooms and surveillance cameras of the SATF, whereas appellees’ amended
petition elaborates as follows:

In order for Defendants Allen and
Hayes to gain exclusive, private, unmonitored, and unfettered access to
[appellees], to thwart escape from the assaults, and to wrongfully confine
[appellees] during the assaults, various tangible property at the [SATF] was
used, including the laundry room and adjacent storage room, a laundry cart,
keys, the storage room door, and surveillance cameras and monitors.  For
example, at the time of the assaults, which took place in the laundry room and
the storage room off of the laundry room, Allen and Hayes rolled a laundry cart
in front of the door to the laundry room, thereby blocking the doorway.  For an
assault that occurred in the storage room, not only did Allen and Hayes roll a
laundry cart in front of the laundry room door, Hayes also unlocked the storage
room door with his keys and closed the door, which locked behind him.  Adjacent
to the laundry room was the room where surveillance monitors were located.  The
monitors showed the views from the surveillance cameras.  The cameras were
pointed such that they had no view of the laundry room or storage room where
the assaults occurred but showed views of persons headed towards those areas. 
The monitors were visible from just outside the laundry room, so Allen and
Hayes, before and during assaults, viewed the monitors and thereby used the
monitors and cameras to ensure that no one was moving towards the laundry room
as they assaulted [appellees], undetected.  The use of this tangible personal
property proximately caused [appellees’] injuries.

 

The tangible property
allegedly used was not “abstract” but rather included “the laundry room and
adjacent storage room, a laundry cart, keys, the storage room door, and
surveillance cameras and monitors” inside the SATF.  Taking appellees’
allegations as true, see Miranda, 133 S.W.3d at 226, 228, we conclude
that their pleadings affirmatively demonstrate the subject matter jurisdiction
of the trial court with respect to their claims of negligent hiring, training,
and supervision.  See Campos I, 162 S.W.3d at 787 (“Nothing in this
opinion should be construed as either favoring or disfavoring the theory
advanced by [appellees], except that their theory is sufficient to invoke the
jurisdiction of the court regardless of whether it is ultimately
successful.”).  Appellants’ third issue is overruled.

D.        Premises
Liability

By their fourth
issue, appellants contend that appellees’ premises liability claims “do not
fall within the TTCA’s waiver of immunity.”  Specifically, appellants argue
that the design of the SATF was a discretionary decision for which immunity is
not waived.[4] 
We agree.

Discretionary acts
are explicitly excluded from the TTCA’s waiver of immunity.  Tex. Civ. Prac. & Rem. Code Ann. §
101.056(a) (“This chapter does not apply to a claim based on . . . the failure
of a governmental unit to perform an act that the unit is not required by law
to perform. . . .”).  Texas courts have repeatedly held that “design decisions”
are discretionary, and therefore immunity is not waived under the TTCA for such
claims.  See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bruen, 92
S.W.3d 24, 26 (Tex. App.—San Antonio 2002, pet. denied); Ramos v. Tex. Dep't
of Pub. Safety, 35 S.W.3d 723, 733 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied); Cortez v. Weatherford Indep. Sch. Dist., 925 S.W.2d 144, 149-50
(Tex. App.—Fort Worth 1996, no writ) (concluding that a design decision to not
equip a school bus with a stop arm was an exercise of discretionary powers and
immunity was not waived); Johnson v. Tex. Dep’t of Transp., 905 S.W.2d
394, 397-98 (Tex. App.—Austin 1995, no writ) (holding that stop sign placement
was a design decision shielded by immunity); Maxwell v. Tex. Dep’t of
Transp., 880 S.W.2d 461, 463 (Tex. App—Austin 1994, writ denied) (finding
that the design of roads and bridges, including the installation of safety
features such as guard rails and barricades, was not subject to TTCA’s waiver);
Mitchell v. City of Dallas, 855 S.W.2d 741, 745 (Tex. App.—Dallas 1993),
aff’d 870 S.W.2d 21 (Tex. 1994) (holding that design decisions made by
city are discretionary and therefore immune); Shives v. State, 743
S.W.2d 714, 716 (Tex. App.—El Paso 1987, writ denied) (noting that decisions
not to place a traffic light at an intersection and not to reduce speed limit
were shielded by immunity).  Appellees’ premises liability claims are based on
the following allegations contained in their live petition:

[CJAD is] liable for conditions of the
premises because the facility used by the SATF, which [it] controlled, contains
security cameras that were improperly placed, as well as various doors, rooms,
and enclosures, which permitted guards to have unlimited, unmonitored access to
inmates for extended periods of time, provided the seclusion necessary for the
sexual harassment and assaults to occur, and prevented any reasonable
opportunity for [appellees] to escape.  [CJAD] negligently and grossly
negligently allowed these premises defects to exist, failed to correct them,
and failed to follow existing policies and adopt new policies designed to
minimize the risk of harm they created.  These unreasonably dangerous
conditions of the premises, of which [appellees] were unaware but [CJAD was]
aware prior to the assaults on [appellees], proximately caused [appellees’]
injuries . . . .

 

These allegations,
even if taken as true, see Miranda, 133 S.W.3d at 226, 228, represent
complaints as to the design of the SATF and therefore are excluded from the
TTCA’s waiver and are barred by immunity.  See, e.g., Bruen, 92 S.W.3d
at 26.  Appellants’ fourth issue is sustained.

E.        Jurisdiction
Without Further Discovery

            By their
fifth issue, appellants argue that, pursuant to the “law of the case” doctrine,
we must conclude that appellees failed to affirmatively establish the trial
court’s jurisdiction.  Specifically, appellants argue that “this Court already
held [in Campos II] that [appellees] failed to affirmatively establish
jurisdiction without further discovery,” and that, because no discovery was allegedly
conducted by appellees since that time, we are bound to conclude now that
jurisdiction has not been affirmatively established.  We again disagree. 

Under the “law of the
case” doctrine, questions of law decided on appeal to a court of last resort will
govern the case throughout its subsequent stages.  Loram Maint. of Way, Inc.
v. Ianni, 210 S.W.3d 593, 596 (Tex. 2006) (citing Hudson v. Wakefield,
711 S.W.2d 628, 630 (Tex. 1986)).  By narrowing the issues in successive stages
of the litigation, the doctrine is intended to achieve uniformity of decision
as well as judicial economy and efficiency.  Briscoe v. Goodmark Corp.,
102 S.W.3d 714, 716 (Tex. 2003).

We stated in Campos
II that “it is unclear from the pleadings how the surveillance cameras and
rooms in the SATF facility may have been used, as opposed to not used, and
thereby caused an injury to [appellees].”  2009 Tex. App. LEXIS 8162, at *12. 
Because the underlying factual allegations were unclear, we stated that the
pleadings that were before the trial court at the time were insufficient and
that “discovery should be permitted before [appellees] are required to
replead.”  Id. at *12–13.  Nowhere in either of our prior decisions did
we state that appellees were required to conduct additional discovery
prior to filing amended pleadings.  On the contrary, the purpose of the
above-quoted admonition in Campos II was solely to ensure that the trial
court had the benefit of fully developed factual pleadings before it ruled on
appellants’ plea to the jurisdiction.  See id. at *13–14 (“[O]nce the
facts are developed and repleaded, and when evidence is available, the trial
court may revisit the issue.  But for now, it is unsuitable for a decision that
precludes the litigation from proceeding.”).

We have already held
that appellees’ current pleadings, amended since Campos II, are
sufficient to affirmatively establish jurisdiction.  Whether or not appellees
actually conducted additional discovery in order to develop the additional
factual allegations contained in those pleadings is of no import.  Further, it
is not inconsistent for this Court to (1) hold in Campos II that the
active pleadings at that time were insufficient to show jurisdiction, and (2)
hold in the instant case that the active pleadings at this time are sufficient
to show jurisdiction.  The law of the case doctrine does not apply. 
Appellants’ fifth issue is overruled.

F.         Intentional
Torts

By
their sixth issue, appellants argue that appellees’ claims “arise from
intentional torts” and are therefore not authorized under the TTCA.  The TTCA
specifically excludes waiver for a claim “arising out of assault, battery,
false imprisonment, or any other intentional tort . . . .”  Tex. Civ. Prac. & Rem. Code Ann. §
101.057.  In Campos I, we stated that, “[a]lthough this case certainly
involves allegations of intentional torts, the mere intermingling of intentional
torts with the negligence of a governmental unit does not render the
governmental unit immune.”  162 S.W.3d at 786 (citing Young v.
Dimmitt, 787 S.W.2d 50, 51 (Tex. 1990)).  We concluded that the premises
defects claim “does not arise out of the intentional torts involved in this
case but out of the alleged negligence of [Nueces County] in failing to remedy
defects in the facility . . . when it either knew or should have known that the
defects presented a risk of injury to inmates.”  Id.  We arrived at the
same conclusion with respect to appellants in Campos II.  2009 Tex. App.
LEXIS 8162, at *8-9.

            Appellants
repeat the same arguments that were raised in Campos I and Campos II. 
Once again, we are not persuaded.  For the reasons set forth in Campos I,
we hold that appellees’ claims are not barred merely because the allegedly
negligent conduct was accompanied by intentional torts.  See 162 S.W.3d
at 786.  Appellants’ sixth issue is overruled.

G.        Striking of
CJAD’s Affidavit

            Finally,
by their seventh issue, appellants argue that the trial court erred in striking
the affidavit of CJAD Director Welebob.  Welebob’s affidavit stated in part
that:

The [TDCJ (Texas Department of
Criminal Justice)] does not, and never did, participate in the day-to-day
supervision of the Nueces County CSCD employees. . . .  The [TDCJ] does not own
the Nueces County [SATF].  The [CJAD] did not design the Nueces County [SATF]. 
The [TDCJ] is not the agency that decides whether or not to place video cameras
within the Nueces County [SATF].  The [TDCJ] is not the agency that determines
where video cameras should be placed within the Nueces County [SATF].

 

The affidavit
concluded with the following statement:  “I declare under penalties of perjury
that the foregoing statements are true and correct to the best of my knowledge
and belief.”

An affidavit not explicitly
based on personal knowledge is legally insufficient.  See Marks v. St.
Luke’s Episcopal Hosp., 319 S.W.3d 658, 666 (Tex. 2010) (citing Kerlin
v. Arias, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam)); In re Smith,
270 S.W.3d 783, 793 (Tex. App.—Waco 2008, orig. proceeding) (stating that
affidavit verification was inadequate where facts were based on “the best of [affiant’s]
knowledge.”); see also Tex. R.
Evid. 602 (“A witness may not testify to a matter unless . . . the
witness has personal knowledge of the matter.”).  A verification that does not
expressly state the facts are based on personal knowledge such that perjury can
be assigned upon it is inadequate as verification.  In re Smith, 270
S.W.3d at 793.

Welebob did not state
in her affidavit that the facts contained therein were based on personal
knowledge; rather, she stated only that the facts were “true and correct to the
best of my knowledge and belief.”  This is insufficient verification.  See
id.  Accordingly, the trial court did not err in striking the affidavit. 
We overrule appellants’ seventh issue.

IV.  Conclusion

We reverse those
portions of the trial court’s judgment:  (1) denying CSCD’s plea to the
jurisdiction and (2) denying CJAD’s plea to the jurisdiction with respect to
its premises liability claims.  We render judgment dismissing appellees’
premises liability claims against CJAD, and all of appellees’ claims against
CSCD, for want of jurisdiction.  The remainder of the trial court’s judgment is
affirmed.[5]

                                                                                                

 

                                                                                                ________________________

DORI
CONTRERAS GARZA

                                                                                                Justice

 

Delivered and
filed the 

11th day of August,
2011.









[1]
Appellees also named as a defendant the Nueces County Adult Probation
Department, which is the former name of CSCD.





[2]
Although suit was originally filed over a decade ago, the record does not
reveal the exact amount of time that appellees have had to conduct discovery.  However,
even as late as 2009, CJAD did not dispute the notion that “discovery [in this
case] is still in its infancy.”  Campos v. Tex. Dep’t of Criminal Justice
(Campos II), No. 13-08-00269-CV, 2009 Tex. App. LEXIS 8162, at *11 (Tex.
App.—Corpus Christi Oct. 22, 2009, no pet.) (mem. op.).

 





[3]
In arguing that there is no “nexus” between appellees’ claims and CJAD,
appellants repeatedly point to the affidavit by Welebob.  We do not consider
that affidavit in our analysis, however, because the trial court correctly
struck the affidavit for insufficient verification.  See infra section
III.G.





[4]
Appellants also argue that appellees’ premises liability claims must fail
because (1) appellants did not design the SATF, and (2) appellants “have no
duty to warn of or repair a defectively designed premises.”  These arguments go
exclusively to the merits of appellees’ claims and are therefore inappropriate
for resolution at this stage of the proceedings.  See Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004); Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000); see also Campos v.
Nueces County (Campos I), 162 S.W.3d 778, 787 (Tex. App.—Corpus Christi
2005, pet. denied) (“[W]e emphasize that the purpose of a ‘plea [to the
jurisdiction] is not to force the plaintiffs to preview their case on the
merits but to establish a reason why the merits of the plaintiffs’ claims
should never be reached.’”) (citing Blue, 34 S.W.3d at 554).





[5]
In their brief, appellees contend that the instant appeal is frivolous and
suggest “that perhaps sanctions just might be appropriate.”  See Tex. R. App. P. 45 (“If the court of
appeals determines that an appeal is frivolous, it may—on motion of any party
or on its own initiative, after notice and a reasonable opportunity for
response—award each prevailing party just damages.”).  We conclude, after
reviewing the record and the briefs on file, that the appeal was not
frivolous.  Accordingly, the request for sanctions is denied.