

## NUMBER 13-08-00269-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LUZELMA CAMPOS, BETTY JO
GONZALEZ, AND MISTY VALERO,**                             **Appellants,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
COMMUNITY JUSTICE ASSISTANCE DIVISION,
NUECES COUNTY SUBSTANCE ABUSE TREATMENT
FACILITY, NUECES COUNTY COMMUNITY
SUPERVISION AND CORRECTIONS, AND NUECES
COUNTY ADULT PROBATION DEPARTMENT,**                      **Appellees.**

---

On appeal from the 319th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellants, Luzelma Campos, Betty Jo Gonzalez, and Misty Valero, appeal the trial

court's order granting a plea to the jurisdiction in favor of appellees, the Texas Department

of Criminal Justice Community, Justice Assistance Division, the Nueces County Substance

Abuse Treatment Facility, the Nueces County Community Supervision and Corrections Department, and the Nueces County Adult Probation Department.[1] By a single issue, containing numerous sub-issues, appellants argue that the trial court erred in determining it lacked jurisdiction over their claims for federal civil rights violations and for torts under the Texas Tort Claims Act. *See* 28 U.S.C. § 1983; TEX. CIV. PRAC. & REM. CODE ANN. § 101.001-.109 (Vernon 2005 & Supp. 2009). We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

The appellants brought this suit against the appellees, Nueces County, and Sergeant Anthony Allen and Corporal Cordell Hayes on December 20, 2000, alleging federal civil rights violations and torts committed against them while incarcerated at the Nueces County Substance Abuse Treatment Facility (SATF). The appellants alleged that, while incarcerated, they were sexually harassed and sexually assaulted by Sergeant Allen and Corporal Hayes, male employees of SATF, who were then working as guards at the facility. The appellants asserted that sovereign immunity was waived for their claims, which were based on a premise defect, the use of tangible personal property, and negligent hiring, training, and supervision.

Nueces County and the appellees filed a plea to the jurisdiction in 2001. The trial court granted Nueces County's plea, but it reserved ruling on appellees' plea. It severed its order on Nueces County's plea to the jurisdiction from the remainder of the case, and we reversed that order by our opinion in *Campos v. Nueces County* (*Campos I*), 162 S.W.3d 782 (Tex. App.–Corpus Christi 2005, pet. denied). In *Campos I*, we held that the appellants properly pleaded a waiver of sovereign immunity with respect to Nueces County based on their allegation of a premise defect. *Id.* at 785-87. With respect to the use of tangible personal property, we noted that the appellants alleged that surveillance cameras

---

[1] The record seems to indicate that the Nueces County Adult Probation Department and the Nueces County Community Supervision and Corrections Department are actually the same entity. Whether this is true or not, however, does not affect our analysis.

at the SATF were either non-functioning or misplaced, and we held that these allegations were largely undeveloped. *Id.* at 787. We held that the appellants' live pleading did not negate the existence of jurisdiction, but it did not affirmatively establish jurisdiction either. *Id.* Thus, we reversed and remanded, holding that the appellants must be given the opportunity to replead. *Id.* With respect to the negligent hiring, training, and supervision claims, we noted that this claim also could not be brought in the absence of a pleading alleging a claim involving the use or condition of tangible personal property. *Id.* Therefore, this claim required further development on remand as well. *Id.*

After our remand in *Campos I*, appellants filed their third amended petition, but they did not provide more information about the use of tangible personal property. The appellees re-urged their plea to the jurisdiction, and the trial court ruled on that plea on November 2, 2006. As before, the trial court granted the appellees' plea to the jurisdiction and severed the order from the remainder of the case, making it final and appealable. This appeal ensued.

## II. SUBJECT-MATTER JURISDICTION GENERALLY

Initially, appellants argue that, to the extent that the trial court ruled it lacked subject-matter jurisdiction because (1) the appellants lacked standing, (2) the suit was not ripe, or (3) the suit did not present a justiciable controversy, this Court has already determined these issues with respect to Nueces County. Appellants argue that the resolution of these issues is exactly the same as against appellees. *See Campos I,* 162 S.W.3d at 783-784. We agree with respect to the appellants' claims for monetary damages, although we hold that the claims for injunctive relief, which we address in part IV of the opinion, are now moot. For the reasons set out in our opinion in *Campos I*, we hold that, with respect to the appellants' claims for monetary damages, the appellants have standing to sue the appellees, the suit is ripe for adjudication, and the suit presents a justiciable controversy. *See id.*

3

### III. CLAIMS UNDER THE TEXAS TORT CLAIMS ACT

Appellants argue that the trial court erred by granting the appellees' plea to the jurisdiction on their tort claims for money damages. Appellants allege jurisdiction based on (1) premise defect; (2) the use of tangible personal property; and (3) negligent hiring, training, and supervision of employees, relying on nearly the same facts alleged against Nueces County in *Campos I*. *See id.* at 785-88. We will address these three arguments in turn.

### A. Standard of Review

Sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits against the State or a governmental unit unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The State has waived sovereign immunity in certain cases through the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109. There are two types of immunity—immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject[-]matter jurisdiction." *Id.* The Tort Claims Act is unique in that it "creates a unique statutory scheme in which the two immunities are co-extensive . . . ." *Id.* The statute specifically provides that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a).

Immunity from suit may be raised by a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226. A court's determination of its jurisdiction is a question of law, which is reviewed de novo. *Id.* "However, in some cases, disputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact." *Id.* "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We must construe the pleadings liberally in the plaintiff's favor and look to the plaintiff's intent. *Id.*

"If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency[,] and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226-27. If the pleadings, however, affirmatively negate the existence of jurisdiction, then the trial court may grant the plea without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

On the other hand, if a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider evidence submitted by the parties to resolve the issue. *Id.* Additionally, if the determination requires the examination of evidence, such as when the jurisdictional issues and the merits are intertwined, the trial court has discretion to decide whether the jurisdictional determination should be made at a preliminary hearing or after a fuller development of the case, "mindful that this determination must be made as soon as practicable." *Id.* "Then, in a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* If the plaintiff raises a fact question regarding the jurisdictional issue, then the trial court must not grant the plea to the jurisdiction, but instead, the fact issue will be resolved by the fact finder. *Id.* "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 227-28.

## B.    Premise Defect and Intentional Torts

In *Campos I*, we held that appellants pleaded facts sufficient to show a waiver of sovereign immunity based on their allegation of a premise defect, and that even though the appellants alleged intentional torts, the accompanying negligence was actionable. *Id.* at 785-88. The appellees make the same argument with respect to the alleged intentional torts and premise defect that Nueces County made in *Campos I*. Again, we are not persuaded. *Id.* at 786. Appellees do not cite any authority that would require us to

5

overrule *Campos I* in this regard, nor have we located any. Moreover, the applicability of Texas Civil Practice and Remedies Code section 101.021(2), which provides the waiver of immunity at issue here, is not dependent upon the appellee's status as a county or state entity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). Thus, the same reasoning in *Campos I* applies, and having not been presented with a single valid reason to overrule *Campos I*, we apply it. For the reasons set forth in *Campos I*, we hold that the appellants' pleadings sufficiently alleged a premise defect and that the appellants' claims are not barred merely because the negligent conduct was accompanied by intentional torts. *Campos I,* 162 S.W.3d at 786.

**C.    Use of Tangible Personal Property and Negligent Hiring, Training, and Supervision**

In *Campos I*, we held that "[t]he only personal property identified in appellants' live petition are surveillance cameras, which the petition alleges were either non-functioning or misplaced. Such allegations scarcely amount to the 'use' of personal property required by the tort claims act." *Id.* at 787. However, we held that "[a]lthough we cannot conclude that such allegations affirmatively negate the possibility of jurisdiction, they are insufficient to demonstrate jurisdiction. Accordingly, appellants must be afforded an opportunity to amend their pleadings." *Id.*

In their appellants' brief, appellants make the same allegations they made in *Campos I*, arguing that

> through the County's negligence, Appellees' employees freely gained unfettered, exclusive, private access to the Plaintiffs. In order to do so, various tangible property at the Substance Abuse Treatment Facility was involved. This includes surveillance cameras, which were either non-functional or negligently used, and doors and enclosures which allowed the attacks to occur.

Brief of Appellants, *Campos v. Tex. Dep't of Criminal Justice*, No. 13-08-00269-CV, 2009

6

WL _____ (Tex. App.–Corpus Christi _____, no pet. h.). Appellants argue that we should allow them to replead against the appellees, as we did in *Campos I* against Nueces County. The appellees appear to argue that appellants have already been afforded an opportunity to amend, and in fact, did amend by filing their third amended petition. Thus, we should not afford them another opportunity. To counter this argument, appellants point out that discovery is still in its infancy in this case and is necessary in order to fully develop the facts to support jurisdiction. We agree with appellants.

In *Campos I*, we held that the appellants' pleadings against Nueces County were undeveloped but did not negate the existence of jurisdiction, and therefore, appellants should be allowed to replead. 162 S.W.3d at 786-87. Appellees do not dispute that discovery is still in its infancy and that the appellants stand in the same position they did in *Campos I* with respect to the facts. TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them."). Appellees did not present any evidence in support of their plea to the jurisdiction, and appellees have raised the same attack on appellants' pleadings that Nueces County raised in *Campos I*. Accordingly, the same standard of review applies to appellants' pleadings against appellees as it did in *Campos I* against Nueces County. *Cf. City of Houston v. Harris*, 192 S.W.3d 167, 171-72 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (refusing to apply the law of the case doctrine to city's second plea to the jurisdiction because first plea challenged pleadings, while second plea challenged factual basis for jurisdiction by presenting evidence). Therefore, we follow our holding and again hold that appellants must be given an opportunity to replead.

We wish to clarify our prior holding in one respect. As stated above, although the

7

existence of subject-matter jurisdiction is a question of law, in some cases, jurisdictional facts may also implicate the merits of the case. *See Miranda*, 133 S.W.3d.at 226. That will frequently be the case in claims under the Texas Tort Claims Act, where the extent of the State's waiver of immunity is determined by whether the plaintiff has pleaded a valid claim under the Act. *See State v. Lueck*, No. 06-1034, 2009 WL 1817240, at *2 (Tex. June 26, 2009); *Miranda*, 133 S.W.3d at 224 ("The Tort Claims Act creates a unique statutory scheme in which the two immunities are co-extensive . . . .").

As we noted in *Campos I*, it is unclear from the pleadings how the surveillance cameras and rooms in the SATF facility may have been used, as opposed to not used, and thereby caused an injury to the appellants. It may be that SATF personnel had unrestricted access to the cameras themselves, allowing them to manipulate the cameras in such a way as to allow the alleged assaults to go undetected. We simply do not know, and this information is inherently within the appellees' possession. Thus, appellants' ability to state a claim is hampered by the lack of discovery in this case, and discovery should be permitted before appellants are required to replead. *See Miranda*, 133 S.W.3d at 229 (holding that nothing prevents a trial court from allowing discovery on jurisdictional issues); *see also City of La Joya v. Ortiz,* No. 13-06-401-CV, 2007 WL 293019, at *1 n.2 (Tex. App.–Corpus Christi Feb. 1, 2007, no pet.) (mem. op.) ("In deciding motions to dismiss for lack of subject matter jurisdiction, the trial court may consider affidavits, allow further discovery, hear oral testimony, or conduct an evidentiary hearing."); *Thurman v. Harris County*, No. 01-07-00235-CV, 2009 WL 1635430, at *7 (Tex. App.–Houston [1st Dist.] June 11, 2009, pet. filed) (mem. op.) (reversing and remanding plea to the jurisdiction noting that, after discovery, plaintiff may be able to plead facts to establish jurisdiction).

8

This is one of the cases envisioned by the Texas Supreme Court in *Miranda*, where the resolution of the jurisdictional issue is best resolved later in the proceedings, after discovery has been conducted. Accordingly, we reverse the trial court's order granting the plea to the jurisdiction in this regard, and instruct the trial court to allow discovery to flesh out these issues. Within its discretion, once the facts are developed and repleaded, and when evidence is available, the trial court may revisit the issue. But for now, it is unsuitable for a decision that precludes the litigation from proceeding. Accordingly, we reverse the trial court's order dismissing appellants' claims under the tort claims act and remand for further proceedings consistent with our decision.

## IV. SECTION 1983 CLAIMS

### A. Claims for Monetary Damages

As a subpart of their sole issue, appellants argue that the trial court erred by dismissing their federal civil rights claims. *See* 28 U.S.C. § 1983. Appellants argue that in *Campos I*, we held that Nueces County did not enjoy sovereign immunity with respect to the appellants' section 1983 claims. *See Campos I,* 162 S.W.3d at 785. Appellees point out, however, that the immunity analysis is different with respect to claims against the State or an arm of the State, who are not considered "persons" under section 1983 and may not be sued for civil rights violations in either state or federal court. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (holding that the Texas Legislature has not waived sovereign immunity for civil rights violations under section 1983 for suits against the state) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Hoff v. Nueces County*, 153 S.W.3d 45, 50 (Tex. 2004) (holding that Texas courts apply federal law to the determination of whether a county is immune from suit under

9

section 1983); *see also Livingston v. Taylor*, No. 13-07-00690-CV, 2009 WL 2397542, at

*2 (Tex. App.–Corpus Christi Aug. 6, 2009, no pet.) (mem. op.).

Appellants argue that the SATF is not a state entity, but rather, is a county entity that

may properly be sued under section 1983.[2]  *See Clark v. Tarrant County*, 798 F.2d 736,

744 (5th Cir. 1986).  As support, appellants argue that the SATF is administered by the

local board of judges, not the State of Texas; therefore, it is not a state entity entitled to

immunity from their 1983 claims.  We disagree.

To determine whether an entity is a county or state entity for purposes of section

1983, we must consider:

(1)　whether the state statutes and case law characterize the agency as
an arm of the state;

(2)　the source of funds for the entity;

(3)　the degree of local autonomy the entity enjoys;

(4)　whether the entity is concerned primarily with local, as opposed to
statewide, problems;

(5)　whether the entity has authority to sue and be sued in its own name;
and

(6)　whether the entity has the right to hold and use property.

*See Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 319 (5th Cir. 2001); *Clark*, 798

F.2d at 744-45.

Section 76.002 of the Texas Government Code requires the judge or judges in a

county who try criminal cases to establish a community supervision and corrections

---

[2] Appellants do not raise any arguments in this regard with respect to the remaining appellees; therefore, we affirm the trial court's judgment dismissing section 1983 claims against them without addressing their status.

department and to approve the department's budget and community justice plan. TEX. GOV'T CODE ANN. § 76.002 (Vernon Supp. 2009). Section 76.017 allows a community supervision and corrections department to establish a "treatment alternative to incarceration" program in accordance with standards adopted by the Texas Department of Criminal Justice's community justice assistance division. *Id.* § 76.017 (Vernon Supp. 2009). Texas Government Code Chapter 509 provides the standards with which a treatment alternative to incarceration program, such as a substance abuse treatment facility, must comply. *See* TEX. GOV'T CODE ANN. §§ 509.001-.016 (Vernon 2004 & Supp. 2009). As is apparent from the statutory scheme, a substance abuse treatment facility is created by and operated by the local community supervision and corrections department, and is inseparable from that department.

In *Clark*, the Fifth Circuit analyzed whether the Tarrant County Adult Probation Department was a state or county entity, and it concluded that the department was a state entity. 798 F.2d at 744-45. Although statutory amendments in 2005 changed some of the governing statutes, the District Court for the Northern District of Texas has held that those changes did not alter the conclusion in *Clark*. *See Muhammad v. Dallas County Community Supervision & Corrections Dep't*, No. 3:03-CV-1726-M, 2007 WL 2457615, at *3-4 (N.D. Tex. Aug. 30, 2007). We agree.

The first inquiry is whether the statutes characterize community supervision departments, and therefore a substance abuse treatment facility, as an arm of the state. As noted above, state district court judges establish the department. TEX. GOV'T CODE ANN. § 76.002(a). In the 2005 amendments to section 76.002, judges were no longer required or permitted to employ personnel beyond hiring the director of the community

supervision and corrections department, and judges were no longer entitled to participate in the direct management of the department. *See id.* § 76.002. In addition, the state auditor is now required "to examine and audit accounts, records, receipts, and expenditures of a department." *Id.* § 76.004(g)(3) (Vernon Supp. 2009). Although the state district judges have only a limited role in the managerial and operational aspects of the department, the district judges have an ongoing responsibility to establish the department, approve its recurring budget and operational plans, and choose the director of the department. Because the judges are "undeniably elected state officials," this factor weighs in favor of finding the SATF to be a state entity. *See Clark*, 798 F.2d at 744.

Second, the source of funding for the entity must be considered. Part of the funding for community supervision and corrections departments comes from the state and part from probation fees. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 19(b) (Vernon Supp. 2009); TEX. GOV'T CODE ANN. § 509.011 (Vernon Supp. 2009). No funds are provided by the county. Thus, this factor also weighs in favor of finding the SATF to be a state entity.

The third inquiry pertains to the degree of local autonomy enjoyed by the entity. In *Clark*, the court held

> [t]he statute gives responsibility for the probation departments to the district judges, who are elected officials. Appellants argue that there is a high degree of local autonomy since the judges do not hold office as the result of statewide election, but rather are elected from districts, which in this case coincide with the Tarrant County lines. However, the establishment of probation departments is tied to judicial districts and not county lines. The fact that in this instance the judicial district is entirely within Tarrant County is merely coincidental and is not significant in relation to Adult Probation's being part of the County. Counties are created by Article Nine of the Texas Constitution, while judicial districts are created under Article Five, which is the judicial article. The district judges derive their power from the judicial article of the state constitution and not from the County. The statute does require the county commissioners to approve the budget; however, the

12

Texas courts have held that the commissioners can be mandamused to provide the funds.

798 F.2d at 744-45. The district judges remain responsible for establishing the department, which undermines a finding of local autonomy. *Id.* Although changes were made in 2005, including that now, employees of the department are expressly not employees of the judges or judicial district, the changes do not amount to more local autonomy, given that the state auditor now oversees the departments. *See* TEX. GOV'T CODE ANN. §§ 76.004(b), 76.004(g)(3). The district judges' power to establish such entities in the first instance undermines any finding of local autonomy. *See Clark*, 798 F.2d at 744.

With respect to the remaining factors, we likewise hold they support a finding that the SATF is a state entity. As the court held in *Clark*, the department deals with a state-wide issue to put probationers in the hands of state officers. *Id.* at 745. Department employees are considered employees of the state for the purposes of suits involving negligence or violation of state or federal constitutional rights and for the purposes of worker's compensation. *Id.* at 745; *see also* TEX. GOV'T CODE ANN. § 76.006(c); TEX. CIV. PRAC. & REM. CODE ANN. § 104.001-.009 (Vernon 2005 & Supp. 2009) (providing for indemnification by the State for employees sued for acts committed while in the course and scope of their employment). The department is not given the right to sue or be sued in its own name. *Clark*, 798 F.2d at 745. It appears that a department may purchase land, and in fact, *the state* can provide money for the purchase. TEX. GOV'T CODE ANN. § 509.006(a)(6) (Vernon 2004). For all of the foregoing reasons, we disagree with the appellants that the SATF is a county, as opposed to state, entity.

13

**B.      Claims for Injunctive Relief**

Appellants next argue that they are also seeking prospective injunctive relief against appellees, and therefore, their section 1983 action can proceed.  Appellants seek to enjoin appellees from allowing male guards to participate in the care, treatment, handling, and transporting of female inmates.  Appellees, however, have pointed out that because the appellants are no longer incarcerated with the SATF and the offending correctional officers are no longer employed there, any request for injunctive relief is moot.  We agree.

The parties concede that the appellants are no longer incarcerated at SATF and that the allegedly offending employees are no longer employed at SATF.   Under similar circumstances, the Texas Supreme Court held that claims by former inmates of the Tarrant County Corrections Center seeking declaratory and injunctive relief were moot.  *See Williams v. Lara*, 52 S.W.3d 171, 183-85 (Tex. 2000).  Specifically, the court held that because the former inmates were no longer incarcerated and subjected to the alleged civil rights violations, the former inmates no longer had a legally cognizable interest in prospective relief.  *Id.* at 184.  Furthermore, the former inmates did not meet the "capable of repetition but evading review" exception.  *Id.*  at 184-85.  Although an inmate's stay at a corrections facility might be short, thus meeting the "evading review" element, the former inmates could not meet the "capable of repetition" element—to hold otherwise would require the court to assume the former inmates would commit another crime, and the former inmates were required to prevent their own recidivisim.  *Id.*  For the same reasons, we conclude that appellants' claims for injunctive relief are moot.  Accordingly, the trial court did not err in granting the appellees' plea to the jurisdiction and dismissing the appellants' claims under section 1983.

## V. Conclusion

We reverse the trial court's order granting the appellees' plea to the jurisdiction as to the appellants' claims under the Texas Tort Claims Act and remand those claims to the trial court for further proceedings consistent with our decision. However, we affirm the trial court's order granting the plea to the jurisdiction as to the appellants' claims under 28 U.S.C. § 1983.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 22nd day of October, 2009.