**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00201-CV

———————————

## IN RE THE UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator the University of Texas MD Anderson Cancer Center (MDA) seeks a writ of mandamus to compel the trial court to rule on MDA's plea to the jurisdiction.[1]

We conditionally grant the petition.

---

[1]    The underlying case is *David Deville v. The University of Texas MD Anderson Cancer Center*, cause number 2017-46576, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

## Background

The underlying case is a disability discrimination and retaliation claim against relator MDA. MDA filed a plea to the jurisdiction on November 8, 2017. Real party in interest, David Deville responded and an oral hearing was held on December 7, 2017. No ruling issued. On May 1, 2018, MDA sent a letter to the trial court, asserting that MDA's legal assistant had telephoned the trial court twice in March 2018, but received no reply. MDA stated that the plea was ripe for a ruling and that MDA would provide additional briefing if the trial court required.

On May 24, 2018, MDA filed a motion to stay discovery in the trial court pending a ruling on the plea to the jurisdiction. Deville responded, asserting that the trial court should permit him to conduct discovery to respond to the evidence presented by MDA before ruling on the plea. The trial court did not rule on the motion to stay discovery.

Deville filed a supplemental brief in support of its response to the plea in July 2018, and MDA replied to this response in August 2018. MDA wrote to the trial judge again on August 30, 2018, requesting a ruling on the plea. A week later, Deville's counsel wrote a letter to the judge asking that she postpone ruling on the plea so that he could conduct discovery to present evidence in opposition to the plea. No ruling issued on the plea or on the motions or requests of the parties.

On November 8, 2018, MDA filed an opposed motion for a ruling on its plea to the jurisdiction. Deville responded, stating that MDA and Deville had agreed to postpone discovery until the trial court ruled on the motion to stay discovery, but that no ruling had issued. As a result, Deville stated that no discovery had yet been conducted. Moreover, Deville asserted that he now asked the trial court to deny MDA's motion to stay discovery and he filed an opposed motion to reopen discovery. No ruling issued on these requests. Relator subsequently filed this petition for writ of mandamus.

## Failure to Rule

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial judge has a legal, nondiscretionary duty to consider and rule on properly filed motions within a reasonable time." *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding) (citing *In re Henry*, No. 04-05-00588-CV, 2005 WL 2085242, at *1 (Tex. App.—San Antonio Aug. 31, 2005, orig. proceeding) (per curiam) (mem. op.)). To show an abuse of discretion in refusing to rule, the relator must show (1) the trial court had a "legal duty to perform a nondiscretionary act;" (2) the relator made a demand for performance; and (3) the trial court refused the request. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—

3

Houston [1st Dist.] 1992, orig. proceeding) (per curiam). Once a motion is properly filed and pending, the act of considering and ruling on that motion is a ministerial one and an appellate court may grant mandamus relief to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

MDA filed its plea to the jurisdiction more than a year ago, and it was considered during a hearing held more than a year ago. MDA has periodically reiterated its request for a ruling on the plea, and the trial court still has not ruled. The plea was properly filed and continues to be pending. Therefore, the trial court had a duty to act. MDA continued to request a ruling and the trial court has not ruled.

Deville responds that there was no abuse of discretion in failing to rule on the plea because no discovery had been conducted. In support of this argument, Deville cites *Campos v. Texas Dept. of Criminal Justice*, 385 S.W.3d 35, 42 (Tex. App.—Corpus Christi-Edinburgh 2009, no pet.) and *Thurman v. Harris County*, No. 01-07-00235-CV, 2009 WL 1635430, at *7 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied). In both of these cases, the trial court had granted the pleas to the jurisdiction. *See Campos*, 385 S.W.3d at 38–39; *Thurman*, 2009 WL 1635430, at *1. In *Campos*, the appellate court reversed and remanded in part because, under the facts of that case, resolution of the jurisdictional issue was best resolved after discovery had been conducted. *Campos*, 385 S.W.3d at 42. In *Thurman*, the appellate

court reversed and remanded because the defendant's refusal to comply with discovery requests prevented the appellant from proving facts that might waive immunity. *See Thurman*, 2009 WL 1635430, at *7.

In the trial court, Deville opposed MDA's motion to stay discovery pending a ruling on the plea to the jurisdiction. Deville argued that the trial court should permit him to conduct discovery to respond to the evidence presented by MDA before ruling on the plea. Deville filed a supplemental brief in support of his response to the plea. And Deville's counsel wrote a letter to the judge asking that she postpone ruling so that he could conduct discovery, but the trial court has never ruled on any of these motions or requests. Deville asserts that MDA has refused to respond to discovery, because it is waiting for the trial court to rule on its motion to stay discovery.

Because MDA has allegedly not responded to discovery, the trial court cannot be holding her ruling for discovery to be conducted, as the *Campos* court stated was required under the facts of that case. 385 S.W.3d at 42. Instead, little is occurring in the trial court while the parties wait for the trial court to rule. Relator has not asked this Court to grant relief concerning the trial court's refusal to rule on the motion to stay discovery. Relator has asked this Court to review the trial court's failure to rule on the plea to the jurisdiction.

A delay of more than 12 months in ruling on a plea to the jurisdiction is an abuse of discretion. *See City of Galveston v. Gray*, 93 S.W.3d 587, 592–93 (Tex.

5

App.—Houston [14th Dist.] 2002, orig. proceeding). In *Gray*, the trial court had refused to rule for thirteen months on pleas to the jurisdiction filed by the city and county. *Id.* at 589. The city and county filed an interlocutory appeal, claiming implicit denial of their pleas, and a petition for writ of mandamus, challenging the trial court's failure to rule. *See id.* at 590. The appellate court dismissed the appeal finding no "implicit" denial of the plea, and instead, granted mandamus relief. *See id.* at 590, 593. The appellate court found that the city and county had no adequate remedy by appeal and stood to "lose their substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of avoiding the expense of pretrial discovery and attending mediation." *Id.* at 592. The policy for an interlocutory appeal of an order granting or denying a plea to the jurisdiction was to prevent the expense to the State in trying a case if it were immune from suit. *See id.*

In this case, as in *Gray*, more than a year has passed with no ruling on the plea to the jurisdiction and MDA has no adequate remedy by appeal until the trial court rules. Because it did not rule on the plea after it was presented and after MDA repeatedly requested a ruling, the trial court abused its discretion.

**No Adequate Remedy by Appeal**

Although Deville argues that MDA has an adequate remedy because it can appeal if the trial court denies the plea after discovery is complete, no appeal can occur until the trial court rules on the plea. Moreover, Deville does not state what

steps he has taken to obtain the discovery responses he claims to need, other than to respond to MDA's filings.

As the court stated in *Gray*, if MDA must go to trial without a ruling on its plea, it will "lose [its] substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of avoiding the expense of pretrial discovery and attending mediation." *Id.* at 592. Thus, MDA has no adequate remedy by appeal because, without a ruling, it is unable to avail itself of the statutory right to an interlocutory appeal. *See id*; TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

## Conclusion

Because the trial court has abused its discretion in refusing to rule on the plea to the jurisdiction, and MDA has no adequate remedy by appeal, we conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to rule on MDA's plea to the jurisdiction within 30 days of the date of this opinion.

## PER CURIAM

Panel consists of Justices Keyes, Kelly, and Goodman.