**Reversed and Rendered and Majority and Concurring and Dissenting Opinions filed July 3, 2025.**



In The

# Fifteenth Court of Appeals

_____

## NO. 15-24-00101-CV

_____

**MIKE MORATH, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF EDUCATION, Appellant**

**V.**

**PECOS-BARSTOW-TOYAH INDEPENDENT SCHOOL DISTRICT, ATHENS INDEPENDENT SCHOOL DISTRICT, BEEVILLE INDEPENDENT SCHOOL DISTRICT, BEN BOLT INDEPENDENT SCHOOL DISTRICT, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT ET AL., Appellees**

**On Appeal from the 201st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005018**

**CONCURRING AND DISSENTING OPINION**

I join Part I of the majority's opinion and in the dissolution of the temporary injunction that erroneously impeded the release of the A-F accountability ratings. But I respectfully dissent from Part II.B., which permanently dismisses the Districts'

automated scoring claim due to the lack of expert testimony to prove a fact issue. No authority permits such a proof-based ruling at this early juncture—the very dawn of the litigation, before jurisdictional discovery had commenced.

For more than two decades, the Texas Supreme Court has directed that "courts should allow 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex. 2004)). Contrary to this instruction, the majority permanently dismisses—due to the lack of expert testimony—the Districts' claim challenging the validity of the STAAR test based on the use of automated scoring systems to grade essays written by school children. But it is undisputed that the Districts have never had the opportunity to conduct any jurisdictional discovery to obtain the sort of information that such an expert would review. That is because the trial court took up the plea to the jurisdiction too early, over the Districts' objection that they were entitled to a reasonable opportunity to conduct targeted discovery.

Dismissing the Districts' claims permanently based on a dearth of expert testimony while denying the Districts their right to develop such expert testimony is fundamentally unfair. It also contravenes decades of Texas Supreme Court instruction and creates a split of authority with the First Court of Appeals, which remanded for targeted discovery in similar circumstances. Because the majority's holding threatens the rights of future litigants, given the frequency with which pleas to the jurisdiction are litigated in our Court[1], the Texas Supreme Court should grant

---

[1] With certain statutory exceptions, this Court has exclusive jurisdiction over all "matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government, including a university system or institution of higher education" and officers of these state entities. Tex. Gov't Code § 22.220(d). Pleas to the

review to consider whether an appellate court can dismiss a claim based on the lack of expert testimony where plaintiffs requested discovery but never received any.

## I.

More than 20 years ago, the Texas Supreme Court set out the framework for resolving a plea to the jurisdiction: a pleader must allege facts that affirmatively demonstrate a trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. When the pleader clears that bar and jurisdiction "requires the examination of evidence," the trial court must "exercise[] its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a *fuller development* of the case, mindful that this determination must be made as soon as practicable." *Id.* at 227 (emphasis added). "[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* And if the evidence raises a fact issue, "then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 228.

When a plea to the jurisdiction challenges only the pleadings, then the trial court can resolve the plea at a preliminary hearing—without waiting for the parties to conduct discovery. *See id.* at 227. This is because the Court simply asks whether

jurisdiction are a common vehicle brought by state entities to seek dismissal of claims on the grounds that the plaintiff has failed to waive the state entity's sovereign immunity. This Court has already received many appeals from orders addressing such pleas. *See, e.g.*, *State by & Through Off. of Att'y Gen. of Texas v. City of San Marcos*, No. 15-24-00084-CV, 2025 WL 1142065 (Tex. App.—15th Dist., Apr. 17, 2025, no pet. h.); *Texas Parks & Wildlife Dep't v. RW Trophy Ranch, Ltd.*, No. 15-24-00112-CV, 2025 WL 1074467 (Tex. App.—15th Dist., Apr. 10, 2025, no pet.); *Eriksen v. Nelson*, 708 S.W.3d 302 (Tex. App.—15th Dist., 2025, no pet.); *Rivera v. Sonnenschein*, 708 S.W.3d 294 (Tex. App.—15th Dist. 2025, pet. denied); *Health & Hum. Servs. Comm'n v. Navarro*, No. 15-24-00054-CV, 2024 WL 4984183 (Tex. App.—15th Dist., Dec. 3, 2024, no pet.) (mem. op.).

the "pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* at 226. The court then grants the plea without allowing the plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 227. When the pleadings are not infected with incurable defect, and they simply lack factual detail to support jurisdiction, the plaintiff gets the chance to amend. *Id.* at 226–27.

But when a plaintiff passes this initial pleading hurdle—as the Districts did here—then "a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion" and so, if a single fact issue exists, "the trial court should deny the plea." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228. The majority suggests that although the standard of review for summary judgment motions and pleas to the jurisdiction are the same, trial courts, unlike for summary judgment motions, do not need to allow for any discovery before ruling on pleas. *Ante* at 17–18. The Texas Supreme Court has stated otherwise. *Miranda* instructs that "the determination of whether immunity was waived may require consideration of extrinsic facts after *reasonable opportunity for targeted discovery*." *Miranda*, 133 S.W.3d at 233 (emphasis added); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("[T]he issues raised by a dilatory plea are often such that they cannot be resolved without hearing evidence. And because a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case.") (footnote omitted).

In the years since *Miranda*, the Texas Supreme Court has reminded lower courts of this responsibility to allow for discovery when it is necessary to identify fact issues in a plea to the jurisdiction. *Hearts Bluff*, 381 S.W.3d at 491 ("Because courts should determine whether they have jurisdiction as early as practicable, courts

4

should allow 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." (quoting *Miranda*, 133 S.W.3d at 233)); *Garcia*, 372 S.W.3d at 642–43 ("As we held in *Miranda*, trial courts considering a plea to the jurisdiction have broad discretion to allow 'reasonable opportunity for targeted discovery' and to grant parties more time to gather evidence and prepare for such hearings.") (quoting *Miranda*, 133 S.W.3d at 233).

This requirement has teeth. Courts have recognized that the failure to allow a reasonable opportunity to conduct jurisdictional discovery constitutes grounds for remanding the case back to the trial court. *Hall v. City of Jersey Vill.*, No. 01-22-00452-CV, 2023 WL 3873351, at *8 n.4 (Tex. App.—Houston [1st Dist.] June 8, 2023, no pet.) (mem. op.) (reversing the trial court's grant of a plea to the jurisdiction in part due to the lack of a reasonable opportunity for discovery); *Thurman v. Harris Cnty.*, No. 01-07-00235-CV, 2009 WL 1635430, at *7 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.) ("We note that, since the City has refused to respond to Thurman's discovery requests on the grounds that it was immune, it is not clear from the record that Thurman cannot prove any jurisdictional facts which might waive immunity in this case. Depending on the content of the County's discovery responses, these jurisdictional facts may state a claim under the Act, and the jurisdictional defect we have noted may be curable."); *Campos v. Texas Dep't of Crim. Just.*, 385 S.W.3d 35, 42 (Tex. App.—Corpus Christi 2009, no pet.) (mem. op.) ("Accordingly, we reverse the trial court's order granting the plea to the jurisdiction in this regard, and instruct the trial court to allow discovery to flesh out these issues."). Without the opportunity for discovery, a party has no burden to prove any fact whatsoever.

## II.

Part II.B. of the majority's opinion examines whether the Commissioner is immune from the Districts' claims for a declaration that the STAAR tests are not valid and reliable due to the use of automated scoring machines for grading certain questions. *Ante* at 10–15. The majority grants the Commissioner's plea and dismisses the Districts' claims on the following ground: although the Districts provide *lay* testimony that automated scoring was not valid and reliable, they provided no *expert* testimony to counter the Commissioner's own expert testimony stating otherwise. *Id.* On this basis, the majority holds that "there is no evidence to support an ultra vires claim on this ground." *Id.* at 14–15.

The majority's dismissal of these claims is premature.[2] *Id.* at 14–15, 20. The Commissioner's plea to the jurisdiction does not contest the face of the allegations but rather the sufficiency of the evidence supporting those allegations. Because the Districts were not afforded a "reasonable opportunity" to conduct jurisdictional discovery to find such evidence before the trial court ruled on the plea, I would remand the case back to the trial court for jurisdictional discovery on the issue of STAAR test automated grading.

It is undisputed that the Commissioner's plea challenges the facts underlying the Districts' ultra vires claim that the STAAR test is not valid and reliable. Indeed, this is reflected in the majority's assessment of the parties' evidence in Part II.B. of its opinion regarding the validity and reliability of automated scoring. Accordingly, our review of the Commissioner's plea should "mirror[] that of a traditional summary judgment motion . . . ." *Garcia*, 372 S.W.3d at 635. The majority in a

---

[2] Notwithstanding this point, the majority's analysis demonstrates that the Districts failed to show a likelihood of success on the merits for this claim, so I agree with the majority that the temporary injunction was erroneously granted and should be dissolved. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 686 (Tex. 1990) ("An injunction plaintiff need not establish the correctness of his claim to obtain temporary relief, but must show only a likelihood of success on the merits.").

section responding to this dissent contends that the validity and reliability of automated scoring is not a jurisdictional fact question because "state law says nothing about grading STAAR tests by hand or machine." *Ante* at 15. But the majority engages in just such a factual analysis in Part II.B. relying on expert witness testimony no less. *See* Tex. R. Evid. Rule 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."). Even in its response to this dissent the majority states that the validity and reliability of automated scoring is "an important and highly technical issue." *Ante* at 15.[3] Important and highly technical issues are factual matters that must be resolved through discovery. *See In re Liberty Cnty. Mut. Ins. Co.*, 679 S.W.3d 170, 175 (Tex. 2023) ("[A] court 'abuses its discretion in unreasonably restricting a party's access to information through discovery.'" (quoting Tex. R. Civ. P. 192 cmt. 7)).

It is also undisputed that the Districts requested the trial court allow them the opportunity to conduct jurisdictional discovery multiple times and that no such discovery ever occurred. Instead of granting jurisdictional discovery, the trial court decided to deny the Commissioner's plea, so any consideration of jurisdictional discovery was effectively mooted.

---

[3] The majority also concludes *sua sponte* that the Commissioner's conduct cannot be ultra vires because the Technical Advisory Committee—which is not a party to this suit—determines whether the STAAR test is valid and reliable and not the Commissioner. *Ante* at 15–16. The parties have neither raised the issue of whether the Commissioner is a proper party for this ultra vires claim nor briefed it. Indeed, the Commissioner in this appeal has argued the opposite—that "the Legislature has given the Commissioner the discretion to determine whether the STAAR test is reliable." Any such determination on the scope of the Commissioner's authority should be made in the first instance by the trial court with the benefit of briefing by the parties.

Because the Court now correctly reverses the trial court's denial, the issue of jurisdictional discovery becomes live again. The Districts, acknowledging the possibility of a reversal, request in their briefing before this Court that we allow them to conduct jurisdictional discovery in the alternative. As noted by the majority, the Districts did not provide any expert testimony—only lay testimony—in response to the Commissioner's plea challenging the Districts' validity and reliability claim. *Ante* at 10–15. The Districts' failure to provide such testimony amounted to no evidence at all,[4] and accordingly the majority held that "[a]bsent competent expert testimony supporting the Districts' claims challenging the automated scoring system, there is no evidence to support an ultra vires claim on this ground." *Id.* at 14.

The Districts, however, did not have an opportunity to gather such expert testimony through the discovery process. Because the gathering of such testimony and potentially other related evidence is "necessary to illuminate jurisdictional facts" as pertains to the Districts' validity and reliability claim, the majority should have granted the Districts' request and given them a "reasonable opportunity for targeted discovery . . . ." *Hearts Bluff*, 381 S.W.3d at 491 (quoting *Miranda*, 133 S.W.3d at 233). This matter is unlike the cases where the Texas Supreme Court refused to allow jurisdictional discovery because discovery either had already commenced or the plaintiff had ample opportunity to seek it. *Garcia*, 372 S.W.3d at 643; *Hearts Bluff*, 381 S.W.3d at 491–92. Here, jurisdictional discovery had not even commenced even though the Districts repeatedly requested it. The initial plea to the jurisdiction was filed on August 21, 2024, and the final order denying it was issued less than a month later on September 18, 2024.

---

[4] *See City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005) ("When expert testimony is required, lay evidence supporting liability is legally insufficient.").

Texas Rule of Appellate Procedure 43.2 requires that, upon reversing the trial court's judgment in whole or in part, that we "render the judgment that the trial court should have rendered." Tex. R. App. P. 43.2(c). Here, the majority finds that it was necessary for the Districts to put on a standardized-testing expert witness to raise a fact issue on the question whether the Commissioner was entitled to immunity on the Districts' claims for a declaration that the STAAR test is not valid and reliable. It follows then that it was "necessary" for the Districts to have the opportunity to develop that evidence through jurisdictional discovery and the designation of expert witnesses. *Miranda*, 133 S.W.3d at 227 (directing that trial and appellate courts are "required" to "consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised"). But we may consider extrinsic facts only "after reasonable opportunity for targeted discovery." *Id.* at 233. The "ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984). The Districts, despite their repeated requests to the trial court and this Court, were never afforded the opportunity to "reveal facts" about the potential invalidity and unreliability of the STAAR test. To dismiss the case on the record as it currently stands puts the Districts in a lopsided evidentiary situation against the Commissioner, who was intimately involved in the development of the STAAR test and so has access to considerable evidence on hand. Perhaps there will be no evidence of the STAAR test's invalidity and unreliability, but the Districts were at least entitled to a "reasonable opportunity for targeted discovery" to gather such evidence. *Hearts Bluff*, 381 S.W.3d at 491 (quoting *Miranda*, 133 S.W.3d at 233).

The Texas Supreme Court recently warned against prematurely terminating litigation without awaiting the development of evidence in the quo warranto context.

*Paxton v. Annunciation House, Inc. See* No. 24-0573, 2025 WL 1536224, at \*1 (Tex. May 30, 2025). In *Paxton,* the Texas Attorney General filed a motion for leave to file a quo warranto action, which the trial court denied and the Texas Supreme Court subsequently reversed. *Id.* at \*2–3, \*7. The Texas Supreme Court stated that "the question before us is whether the district court properly refused to allow the attorney general even to initiate the litigation process that may potentially lead to revocation [of the defendant's corporate charter]." *Id.* at \*7. In holding the trial court did not, the Court reasoned that it must focus on whether the quo warranto "petition on its face fails as a matter of law" and that "weighing the evidence is improper at this preliminary stage." *Id.* at \*14. After all, filing a quo warranto "action merely opens the door to the litigation process, which requires probative evidence for the attorney general to prevail" and is "not an opportunity to litigate the entire case before it is even filed." *Id.* at \*15. This case does not involve a quo warranto petition, but it similarly concerns whether "weighing the evidence is improper at this preliminary stage"—before jurisdictional discovery has commenced. If a case is to turn on evidence, then there must be an opportunity to gather that evidence. The Districts have been denied that opportunity.

### III.

No waiver doctrine precludes a remand for jurisdictional discovery on the Districts' claim challenging the machine scoring of the exams. A finding of waiver would create a split of authority with the First Court of Appeals's holding in *Hall v. City of Jersey Village.* The *Hall* opinion recounts that in the trial court, the plaintiffs had "asked the court for an opportunity to conduct discovery on jurisdictional matter[s] . . . ." *Hall,* 2023 WL 3873351, at \*8 n.4. *Hall* held that the "trial court implicitly denied this request when it denied the plea to the jurisdiction." *Id.* Upon reversing the grant of the plea to the jurisdiction, the Court held that the "trial court

should have afforded the plaintiffs a reasonable opportunity to discover any facts relevant to the plea to the jurisdiction," citing *Hearts Bluff*'s general rule that "'courts should allow [a] reasonable opportunity for targeted discovery if necessary to illuminate jurisdictional facts in a plea to the jurisdiction.'" *Id.* (quoting *Hearts Bluff*, 381 S.W.3d at 491) (alteration in original).

Here, as in *Hall*, I would hold that the trial court implicitly ruled on the Districts' requests for jurisdictional discovery by ruling on the plea without allowing discovery.[5] But even if there were no implicit ruling, the Districts still have not waived their right to gather proof for their claim. The Districts won below, defeating the plea to the jurisdiction. The Texas Supreme Court has held that a party that "prevail[s] . . . in the trial court" does not waive an issue if it becomes live again on appeal. *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 125 (Tex. 2010); *see also Matter of Troy S. Poe Tr.*, 646 S.W.3d 771, 779–80 (Tex. 2022) (holding that petitioners did not waive an issue on appeal because they had prevailed at the trial court); *In re G.X.H.*, 627 S.W.3d 288, 295 (Tex. 2021) (holding that state agency "prevailed in the trial court, and therefore did not need to raise every argument supporting the trial court's judgment in its appellee's brief in the court of appeals").

---

[5] The majority contends that any implicit denial of the Districts' jurisdictional discovery requests are not an abuse of discretion because the trial court concluded that the discovery sought would either take longer than the Districts' requested 14-day extension of the operative temporary restraining order and/or that the benefits of such discovery would be illusory if the 2024 performance ratings were issued before the discovery concluded. *Ante* at 16. But as noted above, the relevant issue is whether the Districts were provided with a "reasonable opportunity for targeted discovery" into their claim challenging the validity and reliability of the STAAR test. *Hearts Bluff*, 381 S.W.3d at 491. They were not. The Districts were not given a *limited* window to conduct discovery but *no* window at all. A "reasonable opportunity" for discovery cannot mean no discovery at all. And as noted below, the publication of the 2024 performance ratings does not moot the Districts' validity and reliability claim, so the benefits of jurisdictional discovery would not be illusory if those ratings are released. *See infra* note 6.

Our sister courts have held similarly. *Trujillo v. Shafaii Invs., Ltd.*, No. 01-22-00819-CV, 2024 WL 2001612, at *10 (Tex. App.—Houston [1st Dist.] May 7, 2024, pet. denied) (mem. op.) ("But an appellee who prevails in the trial court does not need to raise arguments in support of the trial court's judgment in its appellate brief and does not waive an issue by failing to do so."); *JMI Contractors, LLC v. Medellin*, No. 04-22-00072-CV, 2024 WL 3954210, at *8 (Tex. App.—San Antonio Aug. 28, 2024, pet. filed) (same); *c.f. Najar v. State*, 618 S.W.3d 366, 373 (Tex. Crim. App. 2021) ("Appellant and the court of appeals err to impose a duty to preserve error on an appellee. An appellant must object and preserve error, but not an appellee."). Here, not only did the Districts prevail before the trial court, they requested additional discovery before both the trial court and on appeal before this Court. The issue is live again, so the proper course is to remand for targeted discovery in accordance with *Miranda* and *Hearts Bluff.*

For these reasons, I would vacate the trial court's temporary injunction order and the order denying the Commissioner's plea to the jurisdiction. I would also dismiss all claims against the Commissioner for lack of jurisdiction except for the claim asserting that the STAAR test is not valid and reliable due to automated scoring.[6] As to that remaining claim, I would remand the case back to the trial court

---

[6] The Districts' request for additional discovery on the validity and reliability of the STAAR test is not moot in light of the dissolution of the temporary injunction and dismissal of the Districts' other ultra vires claims. Although the Districts in their live petition request the Commissioner be prohibited from issuing the 2024 school ratings, they also request other relief. The Districts seek declaratory relief that:

> The Commissioner has no authority to assign A–F performance ratings for the 2023–2024 school year, and any attempt to do so would be ultra vires, *because the STAAR 2.0 is not valid and reliable* and has not been determined to be valid and reliable by a neutral third-party entity, as required by Texas Education Code 39.023.

(emphasis added). The Districts also request permanent injunctive relief:

> Plaintiffs request the Court enter a permanent injunction [1] prohibiting the

to allow the Districts the opportunity to pursue jurisdictional discovery in accordance with *Miranda* and *Hearts Bluff*.


/s/ April Farris
April Farris
Justice


Before Chief Justice Brister and Justices Field and Farris (Brister, C.J., majority).

---

Commissioner of Education, in his official capacity, and all those acting in concert with him, from assigning performance ratings for the 2023–2024 school year and [2] order that [a] the Commissioner comply with his duty to ensure that "an entity that is independent of the agency and of any other entity that developed" the new STAAR test determine whether [b] *the new STAAR test is valid and reliable based on empirical evidence* and [3] *order that the Commissioner agree to rescore, with human graders, any constructed responses that were scored by AI grading at no charge to school districts*.

(emphasis added). The Districts' request that the STAAR test be declared not valid and reliable and their request for injunctive relief that the test be made valid and reliable is not mooted by publication of the performance ratings or the dismissal of the Districts' ultra vires claim that the Commissioner is not a neutral third-party entity. Whether the STAAR test is valid and reliable is an independent question from these issues and survives their resolution.

13